IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN WILLIAM PATTERSON                                                          PLAINTIFF

vs.                                    Civil No. 6:13-cv-06062

CAROLYN W. COLVIN                                                                DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

John William Patterson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.     **Background:**

Plaintiff protectively filed his disability applications on October 12, 2010.  (Tr. 12, 100-111). In these applications, Plaintiff alleges being disabled due to ankle pain, depression, hypothyroid, memory loss, back pain, and shoulder pain.  (Tr. 118).  Plaintiff alleges an onset date of March 31, 2010.  (Tr. 12).  These applications were denied initially and again upon reconsideration.  (Tr. 56-

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

59).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 26-55, 73). Plaintiff's administrative hearing was held on November 29, 2011 in Little Rock, Arkansas. (Tr. 26-55). Plaintiff was present at this hearing but was not represented by counsel at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") James Wallace testified at this hearing. *Id.* At this hearing, Plaintiff testified he was fifty-nine (59) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 416.963(e) (2008) (SSI) and 20 C.F.R. § 404.1563(e) (2008) (DIB). (Tr. 31). Plaintiff also testified he had obtained his obtained his high school diploma. (Tr. 34).

After the hearing, on March 28, 2012, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 9-21). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2012. (Tr. 14, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 31, 2010, his alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: osteoarthrosis, obesity, substance addiction disorder-drugs, and depression. (Tr. 14, Finding 3). Despite the severity of these impairments, however, the ALJ also determined they did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15-16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16-19, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

2

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work. He can use the left non-dominant arm occasionally for overhead reaching, and perform work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, with few variables, little judgment and supervision required is simple, direct and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 19, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 20, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform occupations such as a cook's helper (medium, unskilled) with 554,000 such jobs in the national economy and 4,450 such jobs in the local economy. *Id.* Because he retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from March 31, 2010 through the date of his decision or through March 28, 2012. (Tr. 20, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 8). On April 26, 2013, the Appeals Council denied this request for review. (Tr.1-4). On June 7, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 18, 2013. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the following: (A) the ALJ erred by failing to fully assess his mental impairments; (B) the ALJ erred in discrediting his subjective complaints; (C) the ALJ erred by concluding he retained the RFC to perform medium work; (D) the ALJ erred by failing to fully develop the record regarding his mental impairments; and (E) the ALJ erred by submitting a defective hypothetical to the VE. ECF No. 10. The Court will address all the arguments Plaintiff has raised.

**A.    ALJ's Assessment of Plaintiff's Mental Impairments**

Plaintiff claims the SSA improperly assessed his mental impairments. ECF No. 10 at 10-11. Plaintiff raises two claims related to this issue: (1) the ALJ improperly developed the record as to his mental impairments; and (2) the Appeals Council erred by refusing to consider post-hearing medical records related to his mental impairments. *Id.*

First, Plaintiff claims the ALJ did not fully develop the record as to his mental impairments.

5

ECF No. 10 at 10-11.  Notably, at the administrative hearing in this matter, Plaintiff was not represented by counsel.  (Tr. 26-55).  Thus, as Plaintiff argues, the ALJ had a heightened duty to ensure the record was fully developed.  ECF No. 10 at 10-11.

Certainly, Plaintiff is correct in his claim that the ALJ has a heightened duty to develop the record when a claimant is not represented by counsel.  *See Lewis v. Schweiker,* 720 F.2d 487, 489 (8th Cir. 1983).  In this case, however, the ALJ fulfilled that obligation and did fully and fairly develop the record.  Indeed, at the administrative hearing in this matter, the ALJ thoroughly questioned Plaintiff regarding his alleged impairments and limitations.  (Tr. 28-49).  The ALJ also questioned Plaintiff regarding the medications he was taking.  (Tr. 44-45).

Further, in addition to Plaintiff's testimony regarding his mental limitations, the ALJ also considered the results from a consultative examination completed less than one year prior to the administrative hearing in this matter.  (Tr. 174-181).  In that report, Plaintiff was found to be able to communicate "in an intelligible and effective manner," he was found to be able to "cope with the mental demands of basic work tasks," he was found to be able "to attend and sustain concentration on basic tasks," and he was found to be able to "complete work tasks within an acceptable timeframe." (Tr. 180-181).  The ALJ fully considered these findings in his opinion. (Tr. 18).  Thus, the Court finds the ALJ did not err by failing to further develop the record regarding Plaintiff's mental limitations.

Second, Plaintiff claims the Appeals Council erred by failing to include additional records in the transcript in this matter. ECF No. 10 at 11-12. Plaintiff submitted these records to the Appeals Council after his administrative hearing.  *Id.*  Plaintiff claims these records are dated "only six days after the ALJ's decision" in this case.  *Id.*  Plaintiff claims these records demonstrate he had a "nine-day inpatient stay in the hospital" as a result of his dementia.  *Id.*  Plaintiff argues these records

support his claim he is disabled due to his mental impairments, and the Appeals Council erred by failing to include them in the record in this matter. *Id.*

As an initial matter, the Appeals Council is not required to consider any and all evidence submitted to it. Rather, the Appeals Council need only consider "new and material evidence" which "relates to the period on or before the date of the administrative law judge hearing decision." *See* 20 C.F.R. § 404.970(b) (2011). Here, apart from Plaintiff's bare claim on this issue (ECF No. 10 at 11-12), there has been no demonstration that this evidence was "new and material" or that these medical records "relate[] to the period on or before the date of the administrative law judge hearing decision." Thus, because Plaintiff has not demonstrated any of the requirements of 20 C.F.R. § 404.970(b) have been met, the Court cannot reverse and remand Plaintiff's case on this basis.

B.   **Plaintiff's Subjective Complaints**

Plaintiff claims the ALJ erred by disregarding his subjective complaints of "lack of concentration, lack of focus, confusion, poor memory, and attention deficit." ECF No. 10 at 13. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski*. (Tr. 16-19). Indeed, the ALJ outlined the *Polaski* factors and noted severe inconsistencies between Plaintiff's testimony and the record: (1) Plaintiff testified he was "willing to work and seeking employment," which is inconsistent with his claim that he is entirely unable to work; (2) Plaintiff testified he stopped working because his job was no longer available, which is inconsistent with his claim that his impairments caused him to be unable to work; (3) Plaintiff testified his medications cause him

no side effects, which supports the ALJ's RFC finding; and (4) Plaintiff is able to perform a number daily activities, including attend to his own personal care and prepare simple meals, which is inconsistent with Plaintiff's claim of being entirely unable to work. (Tr. 16-19).

Because the ALJ considered the *Polaski* factors and then provided these valid reasons for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue. *See McCoy v. Astrue,* 648 F.3d 605, 614 (8th Cir. 2011) (holding where the ALJ explicitly discredits a claimant and gives good reasons for doing so, the court normally defers to the ALJ's credibility findings). *See also Goff v. Barnhart,* 421 F.3d 785, 791 (8th Cir. 2005) (recognizing the ALJ need not explicitly discuss every *Polaski* factor in his or her opinion prior to discounting a clamant's subjective complaints).

### C. RFC Determination

Plaintiff claims the ALJ erred in assessing his RFC. ECF No. 10 at 13-15. In making this argument, Plaintiff claims he suffers from a number of limitations, including panic attacks, attention deficit hyperactivity disorder, fatigue, insomnia, poor memory, confusion, lack of concentration, anxiety, depression, dementia, and syncope. *Id.*

Despite this claim, however, the only evidence Plaintiff submits in support of this argument is his own testimony at the administrative hearing in the matter regarding his shoulder restrictions. *Id.* As noted above, the ALJ properly considered–and discounted–his subjective complaints. Thus, the Court finds no basis for reversing the ALJ's RFC finding.

### D. Development of the Record

Plaintiff claims the ALJ erred in developing the record as to his mental impairments. ECF No. 10 at 15-16. This argument is simply a restatement of Plaintiff's first argument regarding the

ALJ's record development. *See* Subpart A. Thus, the Court need not address this issue a second time.

      **E.**      **Hypothetical to the VE**

Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record because the ALJ gave a defective hypothetical to the VE. ECF No.10 at 16. Plaintiff claims this hypothetical was defective because all of his alleged limitations were not included in that hypothetical. *Id.*

In a hypothetical to the VE, an ALJ need only include those limitations that he or she finds to be credible. *See Buckner v. Astrue,* 646 F.3d 549, 560-61 (8th Cir. 2011) (holding the VE's testimony constitutes substantial evidence when it is based on a hypothetical question that accounts for all of the claimant's proven impairments). Here, as noted above, the ALJ properly assessed Plaintiff's RFC. As such, the ALJ was entirely permitted to include only those limitations that he found as a part of Plaintiff's RFC in his hypothetical to the VE. This is precisely what the ALJ did. (Tr. 50-55). Thus, the Court finds no basis for reversal on this issue.

**4.**      <u>**Conclusion:**</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 11th day of July 2014.**

                                                            /s/   Barry A. Bryant
                                                            HON. BARRY A. BRYANT
                                                            U.S. MAGISTRATE JUDGE